## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

### CIVIL ACTION NO. 1:07-CV-00103

**DAVID A. RAY**                                          **DEBTOR-APPELLANT**

**V.**

**BRANCH BANKING & TRUST CO.**                                          **APPELLEE**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon an appeal by Debtor-Appellant David A. Ray ("Ray")

of an order of the bankruptcy court denying his motion to compel the Appellee, Branch Banking &

Trust Company ("BB & T"), to comply with bankruptcy court's confirmed plan by accepting his

monthly mortgage payments. Fully briefed, this matter is ripe for decision.  For the following

reasons, the Court **AFFIRMS** the decision of the bankruptcy court.

### I. FACTS

The Debtor-Appellant first filed for bankruptcy with his wife on June 7, 2004. Following the

bankruptcy court's entry of a confirmed payment plan in that proceeding, however, the case was

dismissed because the Rays failed to make the plan's payments. On March 23, 2005, the Debtor-

Appellant and his wife again filed for Chapter 13 bankruptcy.  The bankruptcy court again entered

a confirmed payment plan; this plan, however, was modified by an "Agreed Order" which provided,

among other things, that if the case was dismissed before all payments under the plan had been

made, and the Rays, then, either jointly or individually, filed yet another petition for bankruptcy,

> the automatic stay will not apply to the [n]ew [c]ase until one year after the
> commencing of the [n]ew [c]ase... and [the] debtors will, and do hereby, jointly and
> severally, confess to and agree to the entry against them of, an Order of
> Judgment...of the Circuit Court of and for Warren County, Kentucky, in an amount
> equal to the sum of [the claims against them by BB&T}, plus such other fees and
> expenses as BB&T may be entitled under state law.

(Agreed Order, ¶ 5).  Following the issuance of this order, the case was dismissed because the Rays failed to comply with Local Rule 13. At some point thereafter, the Rays divorced.  On  November 28, 2006, the Debtor-Appellant individually filed for Chapter 13 bankruptcy.  In this action, the Debtor-Appellant claimed his residence, against which the Appellee has a properly perfected priority mortgage and lien, as exempt from the bankruptcy proceeding. On January 26, 2007,  bankruptcy court confirmed a plan, under which the Debtor-Appellant was to continue making his monthly mortgage payments directly to BB&T.   At some point, however, BB&T declined to accept the monthly payments and decided to pursue its state court foreclosure remedies. The Debtor-Appellant filed a motion asking the bankruptcy court to compel BB&T to accept his monthly mortgage payments.  The bankruptcy court denied this motion and the Debtor-Appellant filed this appeal.

## II. STANDARD OF REVIEW

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a).  On appeal, a district court reviews the bankruptcy court's finding of fact under a clearly erroneous standard, but reviews de novo the bankruptcy court's conclusions of law.  Nicholson v. Isaacman (In re Isaacman), 26 F.3d 629, 631 (6th Cir. 1994). A bankruptcy court's interpretation of a reorganization plan is reviewed for abuse of discretion. In re Dow Corning Corporation, 456 F.3d 668 (6th Cir. 2006)(citing In re Terex, 984 F.2d 170 (6th Cir. 1993); Barrett v. Sec'y of Health & Human Servs., 840 F.2d 1259, 1263 (6th Cir. 1987)) (standard of review in equitable actions is abuse of discretion)). Thus, where a bankruptcy court's decision relies on its legal interpretation of the Bankruptcy Code, it is subject to de novo review. In re Terex, 984 F.2d at 172. However, where a bankruptcy court is using its equitable powers to "breath life into the provisions" of a reorganization plan, a decision based upon its

2

interpretation of that plan is reviewed with full deference under an abuse of discretion standard. Id.

## III. DISCUSSION

The Debtor-Appellant argues that the bankruptcy court erred when it determined that BB&T was not bound by the requirements of the last confirmed plan since it 1) did not object to the confirmation of the plan; and 2) did not appeal the plan after it was entered. According to the Debtor-Appellant, BB&T is bound by the last confirmed plan under 11 U.S.C. § 1327(a) of the bankruptcy code which provides that the "provisions of a confirmed plan bind the debtor and each creditor, whether or not such creditor has objected to, has accepted, or has rejected the plan." BB&T argues, however,  that it should not be bound by the last confirmed plan because 1) the bankruptcy court lacked jurisdiction over BB&T since the last plan was not confirmed until after the applicable 30-day automatic stay period had expired; and 2) the Agreed Order entered into in the Debtor-Appellant's second bankruptcy proceeding between the Debtor-Appellant and BB&T allows BB&T to pursue foreclosure.  The bankruptcy court accepted BB&T's first argument and concluded that BB&T was

not bound by the confirmed plan since the Court lacked jurisdiction over BB&T after the statutory 30-day stay expired.

The Agreed Order entered into between BB&T and the Debtor-Appellant provides that if the Debtor-Appellant's second bankruptcy proceeding is dismissed, the automatic stay will not apply for a period of one year and the Debtor-Appellant will "confess judgment in state court for all the debts [he owes] under the plan confirmed" in that bankruptcy." (Agreed Order, ¶ 5). The Court does not accept the Debtor-Appellant's argument that the last confirmed plan supersedes the Agreed Order since BB&T did not object to or appeal  the plan.   BB&T was entitled to rely upon the

provisions of the Agreed Order and was not required to object to the plan to preserve the substantive rights it had gained via the Agreed Order.  Indeed, "having once settled [a] dispute through entry of an agreed order, a debtor is not permitted to change its mind and repudiate that agreement." In re Wieseler, 934 F.2d 965, 967 (8th Cir. 1991)(quoting Matter of Lafayette Dial, Inc., 92 Bankr. 798, 800 (N.D.Ind. 1988)).

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the decision of the bankruptcy court.  **IT IS SO ORDERED.**

cc: Counsel of Record